IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASHTON McLENDON,
JALISSIA CHISLUM, &
SHERYLNN LIPTROT,

    PLAINTIFFS,

VS.                                  CV NO.:  1:19-cv-623

WEXFORD HEALTH SOURCES,
Inc.,

    DEFENDANT.                JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), 217, and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Ashton McLendon, (hereinafter "Plaintiff") is a resident of Ozark, Dale County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Southern Division.

3. Plaintiff, Jalissia Chislum, (hereinafter "Plaintiff") is a resident of Ozark, Dale County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Southern Division.

4. Plaintiff, Sherlynn Liptrot, (hereinafter "Plaintiff") is a resident of Ariton, Dale County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Southern Division.

5. Defendant Wexford Health Sources, Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

## III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7. Defendant hired Plaintiff McLendon on or about April 1, 2018.

8. Plaintiff McLendon and Defendant ceased their employment relationship on or about November 18, 2018.

9. Defendant employed Plaintiff McLendon as a Mental Health Observer

10. At all times during the employment relationship, Defendant classified Plaintiff McLendon as an hourly paid, non-exempt employee.

11. During the two years preceding the filing of this Complaint, Plaintiff McLendon typically worked over forty hours in a work week.

12. Defendant last paid Plaintiff McLendon a regular hourly rate of $14.00 per hour.

13. Defendant hired Plaintiff Chislum on or about October 20, 2018.

14. Defendant employed Plaintiff Chislum as a Mental Health Observer

15. At all times during the employment relationship, Defendant classified Plaintiff Chislum as an hourly paid, non-exempt employee.

16. During the two years preceding the filing of this Complaint, Plaintiff Chislum typically worked over forty hours in a work week.

17. Defendant last paid Plaintiff McLendon a regular hourly rate of $12.00 per hour.

18. Defendant hired Plaintiff Liptrot during July 2018.

19. Plaintiff McLendon and Defendant ceased their employment relationship during December 2018.

20. Defendant employed Plaintiff Liptrot as a Mental Health Observer

21. At all times during the employment relationship, Defendant classified Plaintiff Liptrot as an hourly paid, non-exempt employee.

22. During the two years preceding the filing of this Complaint, Plaintiff Liptrot typically worked over forty hours in a work week.

23. Defendant last paid Plaintiff Liptrot a regular hourly rate of $9.25 per hour.

24. Defendant employed Plaintiffs to work at the Easterling Correctional Facility located in Clio, Barbour County, Alabama.

25. Defendant assigned Plaintiffs the job duties of observing inmates deemed to be a danger to themselves and placed on "suicide watch."

26. While observing the inmates, Defendant assigned Plaintiffs the tasks of charting the distribution of the inmates' medications, the times of their meals, their showers, and sleeping habits.

27. Plaintiffs' primary duty as a Mental Health Observer is to ensure the inmates on "suicide watch" do not hurt themselves or others.

28. As part of that duty, Defendant required Plaintiffs to actually maintain visual observation of the inmates at all times.

29. As a result of this job duty, Defendant did not allow the Plaintiffs to leave their post to enjoy a meal break.

30. Defendant required Plaintiffs to clock-in and clock-out on a time recording system designed to record all hours worked.

31. Defendant's time recording system automatically deducted thirty minutes for a meal period.

32. Defendant's requirement that Plaintiffs actually maintain visual observation of the inmates at all times prohibited Plaintiffs from leaving their post to enjoy an uninterrupted meal period.

33. Defendant did not employ sufficient staff to allow Plaintiffs relief to enjoy a thirty-minute meal period.

**IV. COUNT ONE – FLSA – Overtime Violations**

34. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-33 above.

35. During the three years preceding the filing of this Complaint, Defendant was, and currently is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

36. Defendant's gross annual volume of revenue exceeds $500,000.

37. At all times relevant to this action, Defendant was an employer of Plaintiffs McLendon, Chislum, and Liptrot as defined by 29 U.S.C. § 203(d).

38. During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated Mental Health Observers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

39. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiffs' hours worked in excess of forty hours for a work week on at least one or more occasion.

40. Defendant failed to pay Plaintiffs McLendon, Chislum, and Liptrot for all hours worked in excess of forty in a work week.

41. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiffs have been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

  B. This Court award Plaintiffs the amount of unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

  C. That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

  D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Wexford Health Sources, Inc.
c/o Prentice Hall Corporation System, Inc.
641 South Lawrence Street
Montgomery, AL 36104